UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| R.G. BRINKMANN COMPANY d/b/a R.G. BRINKMANN CONSTRUCTION COMPANY, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:11CV1125 JAR |
| AMERISURE INSURANCE COMPANY, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Reconsideration ("Motion for Reconsideration"), ECF No. 55) and Plaintiff's Motion for Relief Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (ECF No. 57). The parties filed memoranda in opposition to these motions. These motions are now fully briefed and ready for disposition.

**I.    Standard for Motions for Reconsideration and Rule 60(b) Motions**

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Arnold v. ADT Sec. Servs., Inc., 627 F.3d 716, 721 (8th Cir. 2010) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)). A motion for reconsideration "is not a vehicle for simple reargument on the merits." Broadway, 193 F.3d at 990. The Eighth Circuit has determined that motions for reconsideration are "nothing more than Rule 60(b) motions when directed at non-final orders." Anderson v. Raymond Corp., 340 F.3d 520, 525 (8th Cir. 2003).

Plaintiff R.G. Brinkmann Company d/b/a R.G. Brinkmann Construction Company

1

("Brinkmann") filed a Fed.R.Civ.P. 60(b) motion for relief from judgment. Rule 60(b) motions may only be used to reconsider a final order on certain enumerated grounds. Further, a party moving for reconsideration pursuant to any portion of Rule 60(b) must "establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides." De Wit v. Firstar Corp., 904 F.Supp. 1476, 1496 (N.D. Iowa 1995) (quoting United States v. Tracts 10 & 11 of Lakeview Heights, 51 F.3d 117, 119 (8th Cir.1995)). A district court has wide discretion in deciding whether to grant a Rule 60(b) motion, but the Eighth Circuit has cautioned that "'[e]xceptional circumstances' are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." Atkinson v. Prudential Prop. Co., Inc., 43 F.3d 367, 373 (8th Cir. 1994).

## II.     Defendant's Motion for Reconsideration

In its Motion for Reconsideration, Defendant Amerisure Insurance Company ("Amerisure") states that it does not seek reconsideration of the Court's decision that, as a matter of law, the allegations in the Amended Complaint, filed by JDN Real Estate on April 20, 2009, in the underlying New Jersey case, alleged facts that gave rise to a claim potentially within the policy's coverage. (Memorandum in Support of Defendant's Motion for Reconsideration ("Memorandum"), ECF No. 59, pp. 1-2). Rather, Amerisure contends that it seeks a jury trial "to litigate whether Defendant [sic] Brinkmann failed to provide [the] Amended Complaint to Amerisure." (Id.). Amerisure maintains that "the determination of liability now hinges upon whether or not the Amended Petition [sic] was actually presented to Amerisure. If the Amended Complaint was not presented to Amerisure, then Brinkmann breached its duty to forward amended pleadings and there was not a breach of contract by Amerisure." (Memorandum, p. 3). Amerisure claims that it will be able to produce evidence at trial that Brinkmann failed to forward the Amended Complaint to Amerisure. (Id.).

An "insurer must be given notice of the complaint or pleading, which would invoke the duty to defend." TWA, Inc. v. Associated Aviation Underwriters, 58 S.W.3d 609, 620 (Mo. Ct. App. 2001)(citing Rocha v. Metro. Property and Cas. Ins., 14 S.W.3d 242, 248 (Mo.App.W.D. 2000)). "Conditions of an insurance policy requiring that notice of an 'occurrence' be given to an insurance carrier as soon as practicable and that suit papers be forwarded immediately are valid and enforceable." Johnston v. Sweany, 68 S.W.3d 398, 401 (Mo. 2002)(quoting Greer v. Zurich Ins. Co., 441 S.W.2d 15, 30 (Mo. 1969)). "The burden of proof upon the question of compliance with the provisions of a policy ordinarily rests upon the insured, if he seeks to recover indemnity under the policy[.]" Johnston, 68 S.W.3d at 401. "However, while it may be stated generally," that the insured has the burden of proving the facts essential to the insurer's liability, where the insurer "seeks to escape coverage solely because of an alleged breach of a policy provision requiring the insured to cooperate with the insurer, the burden was upon it to prove facts which would make that provision relieve [the insurer] from liability." Meyers v. Smith, 375 S.W.2d 9, 15 (Mo. 1964).

An insured, however, "will not be barred from recovery based on the breach of these conditions unless the insurer can show that it has been prejudiced by the insured's non-compliance with such policy provisions." Johnston, 68 S.W.3d at 402. In other words, "non-compliance with certain conditions precedent contained in a policy of insurance does not defeat recovery under a policy unless the insurer is prejudiced thereby and, if so, the issue of prejudice takes on characteristics of an affirmative defense which the insurer must shoulder the burden of proving." Pannell v. Missouri Ins. Guaranty Asso., 595 S.W.2d 339, 347 (Mo. Ct. App. 1980).

As an initial matter, although Amerisure now claims that it was not presented with the Amended Complaint, the Court notes that Amerisure cited to the Amended Complaint throughout its Memorandum in Support of its Motion for Summary Judgment (see, e.g., ECF No. 40, pp. 8-9) and its Memorandum in Opposition to Brinkmann's Motion for Partial Summary Judgment (see,

3

e.g., ECF No. 36, pp. 7-9) to support its position that the pleadings did not trigger Amerisure's duty to defend. In its Memorandum in Support of its Motion for Summary Judgment, Amerisure, after quoting extensively from the Amended Complaint, states that "[f]rom the language of the pleadings, it is clear that JDN's claims for negligence and breach of contract against Plaintiff Brinkmann arose out of Brinkmann's subcontractor's paving work and installation of asphalt." (ECF No. 40, p. 9). After again quoting repeatedly from the Amended Complaint, Amerisure argues that "[i]n the entirety of the Amended Complaint (as well as the original complaint filed against Trap Rock and various ABC Companies) there is no mention of any damages or loss other than the replacement of failed pavement and asphalt." (ECF No. 40, p. 10). As a result, Amerisure argued that the Amended Complaint did not cause Amerisure to know it now had a duty to defend. Most surprisingly, in Amerisure's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, Amerisure stated that "[i]n the case before the Court today, **the Complaints presented to Amerisure**--Trap Rock's Third Party Complaint and **JDN's Amended Complaint**--clearly alleged only damage within the scope of Plaintiff's own work." (ECF No. 36, p. 12)(emphasis added). Thus, Amerisure's current contention that it was not presented with the Amended Complaint and that this remains an issue to be litigated seems contrary to its position up until this point.

In any event, the Court denies Amerisure's Motion for Reconsideration because it has not shown a material issue of fact exists that should be tried to a jury. Amerisure contends that its liability hinges solely upon whether or not Brinkmann, or its agent, presented the Amended Complaint to Amerisure. In its Motion for Reconsideration, however, Amerisure never asserts that it was prejudiced because it did not receive the Amended Complaint. Amerisure cannot claim that it is entitled to judgment in its favor based upon Brinkmann's breach of duty of cooperation absent a showing of prejudice. See Pannell, 595 S.W.2d at 347 ("failure to give notice of a claim under an insurance policy would not defeat an insured's right of recovery absent a showing by the insurer that

it was prejudiced"); Johnston, 68 S.W. 3d at 402. Because Amerisure has not alleged any prejudice based upon Brinkmann's purported failure to turn over the Amended Complaint, this claimed breach of the policy cannot serve as a basis for denying defense coverage.

Moreover, based upon its summary judgment pleadings, Amerisure could not make such a contention. Throughout Amerisure's summary judgment briefings, Amerisure quotes the Amended Complaint and maintains that it could not have been on notice that claims were being made for something other than Brinkmann's own work based upon those pleadings. See, e.g., ECF No. 36, p. 12; ECF No. 40, pp. 8-11. Based upon Amerisure's representations to the Court that the Amended Complaint did not allege a claim for work other than that of Brinkmann, Amerisure cannot contend that it was prejudiced because Brinkmann failed to forward the Amended Complaint. It is clear from Amerisure's pleadings and its reading of the Amended Complaint that, even if Brinkmann had tendered Amerisure the Amended Complaint, then Amerisure would have denied coverage.

The Court recognizes that there is case law stating that "[i]f the failure of the insured to forward the suit papers to the insurer is unexcused, prejudice automatically follows from the denial to the insurer of any opportunity to defend against the claim." Anderson v. Slayton, 662 S.W.2d 575, 577-578 (Mo. Ct. App. 1983)(cited in TWA, Inc., 58 S.W.3d at 620).[1] In those cases, however, the insured typically only learned of the occurrence long after it had been filed and after the result was *fait accompli*. For example, in TWA, the appellate court concluded that trial court did not err in ruling that the insured had no duty to defend TWA because TWA did not properly invoke coverage and tender defense of the claims. 58 S.W.3d at 620. The court determined that "[t]he record does not support that TWA submitted this claim for defense or indemnity until the filing of its suit against its insurers in 1994, long after it had settled with the EPA and had committed itself

---

[1] Amerisure cited to the TWA case in its Memorandum in Opposition to Brinkmann's Motion for Partial Summary Judgment, ECF No. 36, pp. 11-12.

5

to many corrective measures." Id. Likewise, Anderson v. Slayton, the insured was "personally served, but she made no appearance in the case, filed no answer and gave no notice to [her insured] of the suit." 662 S.W.2d at 576. The insurer only learned about the lawsuit after a default judgment was entered and the injured party pursued the insurer as a garnishee. Id. The court held that "an insurer presumptively suffers prejudice when a claim is reduced to judgment by default as a consequence of failure by the insured to provide notice that he has been served with summons." Id. at 577. The court affirmed the order of the trial court discharging the insurer from garnishment of the automobile insurance policy of the judgment debtor.

In contrast, Amerisure cannot contend that it was unaware of the litigation or that the result of the litigation had been determined prior to it becoming aware of the litigation. In any event, Amerisure clearly was aware of the original Complaint filed, and was under a continuing duty to investigate Brinkmann's claim. See Standard Artificial Limb, Inc. v. Allianz Ins. Co., 895 S.W.2d 205, 210 (Mo. Ct. App. 1995)(citing Zipkin v. Freeman, 436 S.W.2d 753, 754 (Mo.1968))("The insurer cannot ignore safely actual facts known to it or which could be known to it or which could be known from reasonable investigation."). In fact, based upon Amerisure's summary judgment pleadings, it appears that Amerisure was aware of the Amended Complaint (or easily could have become aware of the Amended Complaint), even if Brinkmann did not tender the Amended Complaint to Amerisure. Thus, the Court finds that this is not an instance where prejudice can be presumed based upon the insured's failure to notify it of an occurrence. Thus, for the reasons stated herein, the Court denies Amerisure's Motion for Reconsideration.

**III.    Brinkmann's Motion for Relief Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure**

In Plaintiff's Motion for Reconsideration, Brinkmann merely takes issue with the Court's

6

decision granting Amerisure's motion for summary judgment on Brinkmann's vexatious refusal to pay claim. Brinkmann does not allege any new facts or newly discovered evidence related to its prior motion, and it only restates its prior arguments. The Court has already rejected Brinkmann's argument on its vexatious refusal to pay and the Court finds Brinkmann's Rule 60(b) motion to be an improper vehicle to appeal of the Court's decision. See Broadway, 193 F.3d at 990; Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001)(holding the district court did not abuse its discretion in denying the Rule 60(b) motion because it "largely reasserted contentions made in earlier motions"). Accordingly, the Court refers Brinkmann to its November 30, 2012 Order (ECF No. 54) and denies Brinkmann's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration [55] and Plaintiff's Motion for Relief Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [57] are **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall have a scheduling conference with the parties via telephone on February 6, 2013, at 2:00 p.m. to establish a briefing schedule and to schedule a date for the hearing on damages.

Dated this 29th day of January, 2013.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE